UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD KELLUM,
    Petitioner,

v.                                                                          Case No. 8:20-cv-473-KKM-MRM

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Reginal Kellum, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) In the response, (Doc. 7), Respondent contends that the petition should be dismissed as untimely. Having considered the petition, (Doc. 1), the response, (Doc. 7), and Kellum's reply, (Doc. 16), the Court dismisses the petition as time-barred. Because reasonable jurists would not disagree, a certificate of appealability is not warranted.

I.    **BACKGROUND**

A state court jury convicted Kellum of possession of cocaine with intent to sell, possession of drug paraphernalia, tampering with physical evidence, and possession of a structure used for sale or manufacture of controlled substances. (Doc. 8-2, Ex. 1, p. 72.) The state court sentenced him to an overall term of 15 years in prison. (*Id.*, pp. 83-92.) The state appellate court per curiam affirmed the conviction and sentence. (Doc. 8-3, Ex.

5.) Kellum filed a petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(d). (*Id.*, Ex. 7.) The state appellate court denied the petition. (*Id.*, Ex. 11.) The state appellate court also denied Kellum's second petition alleging ineffective assistance of appellate counsel. (Doc. 8-5, Exs. 26 & 27.)

Kellum filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 8-3, Ex. 14, pp. 8-71.) The state court denied relief, and the state appellate court per curiam affirmed. (*Id.*, pp. 72-75, 153; Doc. 8-4, Ex. 17.) Kellum filed a second postconviction motion, which the state court also denied. (Doc. 8-4, Ex. 21, pp. 187-209.) The state appellate court per curiam affirmed. (Doc. 8-5, Ex. 24.) Kellum filed a third postconviction motion alleging newly discovered evidence. (*Id.*, Ex. 30, pp. 8-57.) The state court denied the motion. (*Id.*, pp. 58-80.) The state appellate court per curiam affirmed the denial. (*Id.*, Ex. 33.)

## II.    TIMELINESS ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed

application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Kellum's judgment and sentence were affirmed on March 23, 2016. (Doc. 8-3, Ex. 5.) His conviction became final on June 21, 2016, when the 90-day period to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Kellum allowed 86 days of untolled time to elapse before he filed his petition alleging ineffective assistance of appellate counsel on September 16, 2016. (*Id.*, Ex. 7.)

The state court denied Kellum's petition alleging ineffective assistance of appellate counsel on May 4, 2017. (*Id.*, Ex. 11.) By that date, Kellum had already filed his first postconviction motion on March 31, 2017. (*Id.*, Ex. 14, pp. 8-71.) Kellum's first postconviction motion remained pending until the appellate court's mandate issued on March 2, 2018. (Doc. 8-4, Ex. 20.) Before the mandate issued, Kellum filed a second postconviction motion on July 10, 2017. (*Id.*, Ex. 21, p. 187.) On August 2, 2018, the state appellate court issued its mandate affirming the denial of Kellum's second postconviction motion. (Doc. 8-5, Ex. 25.)[1]

---

[1] While the second postconviction motion was pending, Kellum filed a second petition alleging ineffective assistance of appellate counsel on April 11, 2018, and the state appellate court denied the second petition on June 26, 2018. (Doc. 8-5, Exs. 26 & 27.)

3

Respondent does not contest that Kellum's first two postconviction motions were "properly filed" for purposes of § 2244(d)(2) and thus tolled the AEDPA limitation period. Kellum's AEDPA clock began to run again on August 3, 2018. He had 279 days remaining in the limitation period, meaning that his § 2254 petition was due by May 8, 2019. His § 2254 petition was not filed until February 24, 2020.

The question of timeliness turns on whether Kellum's third postconviction motion, which he filed on January 31, 2019—before his § 2254 petition would have been due—and pending until the mandate issued on March 27, 2020—after his § 2254 petition was filed—was properly filed. (Doc. 8-5, Ex. 30, pp. 8, 27; Ex. 36.) If properly filed, the third postconviction motion would have tolled the AEDPA limitation period until the § 2254 petition was filed, and the § 2254 petition would be timely. But a review of the state court record shows that the third postconviction motion was not properly filed.

The Supreme Court of the United States has explained that a state court application for collateral review is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "the time limits upon its delivery . . ." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Supreme Court has "expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law."

4

*Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

Under Rule 3.850(b), a petitioner must move for postconviction relief in state court within two years of the date that the judgment becomes final. An exception to the two-year time limitation applies when the motion "alleges that . . . the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1).

Kellum's third postconviction motion sought relief under the exception set out in Rule 3.850(b)(1). (Doc. 8-5, Ex. 30, p. 8.) He raised two grounds alleging newly discovered evidence. In Florida, to be considered "newly discovered," evidence must meet two criteria. First, the evidence must "have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known of it by the use of diligence." *Jones v. State*, 709 So.2d 512, 521 (Fla. 1998) (brackets and citation omitted). Second, the evidence must be of such a nature that it would "probably produce an acquittal on retrial." *Id.* "[N]ot all new evidence is the equivalent of newly discovered evidence for the purpose of establishing a postconviction claim" and the new

5

evidence must meet both prongs of the test articulated by the Supreme Court of Florida in *Jones*. *See Henry v. State*, 125 So.3d 745, 750 (Fla. 2013).

The postconviction court determined that Kellum's third postconviction motion did not meet the two-part test for newly discovered evidence. As for Kellum's second claim, the state court expressly found that it "does not meet the definition of newly discovered evidence." (Doc. 8-5, Ex. 30, p. 59.) As for Kellum's first claim, the state court appeared to accept that the evidence presented could not have been known earlier and thus met the first prong of the test because the state court called it "newly discovered evidence." (*Id.*, p. 58.) But the state court found that the evidence was "not of such a nature that it would probably produce an[ ] acquittal on retrial." (*Id.*) Therefore, the evidence presented in claim one did not meet the second prong of the newly discovered evidence test. The state court denied Kellum's third postconviction motion. (*Id.*, p. 59.)

Even though the state court's order did not expressly deny the third postconviction motion as untimely, it is apparent that the state court's denial rested on the motion's untimeliness because the claims failed the state-law definition of "newly discovered" evidence. Because Kellum's motion was filed over two years after his judgment became final, it was untimely under the two-year limitation period of Rule 3.850(b). To proceed, Kellum needed to establish applicability of the newly discovered evidence exception to the limitation set out in Rule 3.850(b)(1). By finding that Kellum's allegations were insufficient

6

to warrant the application of this exception, the state court necessarily found the motion untimely.

The Eleventh Circuit has addressed a similar situation. *See Jones*, 906 F.3d 1339. The petitioner in that case has also filed a state postconviction motion claiming application of the exception in Rule 3.850(b)(1). While the state postconviction court did not expressly find the motion untimely, it rejected petitioner's newly discovered evidence claim and stated that his allegations "d[id] not meet the parameters of newly discovered evidence." *Id.* at 1345. The Eleventh Circuit held that the only "reasonable and logical way to read" the state court's order was to conclude that the state court found his motion untimely, and that a state court need not use "[m]agic words" or make a "clear and unambiguous ruling" when deciding the timeliness of a postconviction motion. *Id.* at 1346, 1349. Therefore, "the state court ruled that the Rule 3.850 Motion was untimely, and [a federal court is] required to defer to that ruling. That necessarily means that the motion wasn't 'properly filed,' and thus it didn't toll AEDPA's one-year statute of limitations." *Id.* at 1350 (citations omitted). And if a state court rejected a state post-conviction motion as untimely, it cannot be properly filed. *See id.* at 1352 (citing *Pace*, 544 U.S. 408). Therefore, since Kellum's third postconviction motion was rejected as untimely by the state court, it was not "properly filed" and had no tolling effect on the AEDPA limitation period.

7

Kellum points out that the state court referred to his first claim as involving "newly discovered evidence." He therefore contends that he established newly discovered evidence for purposes of Rule 3.850(b)(1)'s timeliness exception. Kellum overreads the state court's order, which was referring to the first prong of the two-part test (that is, whether the evidence could have been discovered earlier). The state court clearly determined that the new evidence would have not changed the outcome of trial, and thus Kellum failed to meet the second prong of the two-part test for newly discovered evidence. *See Jones*, 709 So.2d at 521. Accordingly, Kellum's petition is untimely under § 2244(d)(1).[2]

## III. CERTIFICATE OF APPEALABILITY

Kellum is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Kellum must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Kellum cannot satisfy the second prong of the *Slack* test. As Kellum is not entitled to a COA, he is not entitled to appeal in forma pauperis.

---

[2] Kellum does not argue that his untimely petition is subject to review on the bases of equitable tolling, *see McQuiggin v. Perkins*, 569 U.S. 383 (2013) or actual innocence, *see Holland v. Florida*, 560 U.S. 631 (2010).

The Court therefore **ORDERS** that Kellum's petition (Doc. 1) is **DISMISSED** as time-barred. The **CLERK** is directed to enter judgment against Kellum and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on December 21, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge